**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**WILLIE CHARLES TOWNER, #K7192**                                                            **PLAINTIFF**

**VERSUS**                                                    **CIVIL ACTION NO.  3:05cv229HTW-JCS**

**SHERIFF WILLIAM RICHARDSON**                                                               **DEFENDANT**

MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff Willie Charles Towner filed this cause on April 7, 2005, pursuant to 42 U.S.C. § 1983.  Plaintiff is an inmate incarcerated in the Delta Correctional Facility, Greenwood, Mississippi.  The named defendant is Sheriff William Richardson.

According to the pleadings, the plaintiff was convicted of the sale of cocaine on June 21, 2001.  The plaintiff alleges that the defendant gave incriminating perjured testimony at the plaintiff's criminal trial.  The plaintiff seeks monetary damages as well as injunctive relief, including a public apology from the defendant.

Analysis

The Prison Litigation Reform Act,  28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings in forma pauperis and provides  that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since the plaintiff was granted in forma pauperis status, Section 1915(e)(2) applies to the instant case.

Ultimately, the plaintiff seeks to prove that his conviction is unconstitutional. For the reasons described below, this Court finds that the plaintiff's claim under § 1983 is precluded by the Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994). In Heck, the Court addressed whether a claim for monetary damages which essentially challenges the plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983. The Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid* (emphasis added), a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily *imply* the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 2372 (footnotes omitted) (emphasis added); see also Boyd v. Biggers, 31 F.3d 279, 284-85 (5th Cir. 1994).

If plaintiff is successful in this § 1983 action, it would necessarily imply the invalidity of his conviction for the sale of cocaine entered in June of 2001. Since this § 1983 action calls into question the validity of plaintiff's conviction and because plaintiff has failed to demonstrate that his conviction and/or sentence has been invalidated, this Court finds that plaintiff's complaint should be dismissed.

## Conclusion

As discussed above, the plaintiff's claim is not cognizable under 42 U.S.C. § 1983. Consequently, this complaint will be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). "Plaintiff's claims are dismissed with prejudice to their being asserted again until the Heck conditions are met." Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Since this case is dismissed pursuant to the above mentioned provision of the Prison Litigation Reform Act, it will be counted as a "Strike"[1]. If the plaintiff receives "three strikes" he will be denied in forma pauperis status and be required to pay the full filing fee to file a civil action or appeal.

A final judgment in accordance with this memorandum opinion will be entered.

**SO ORDERED, this the 23rd day of May, 2005.**

        **s/ HENRY T. WINGATE**

        _____
        **CHIEF UNITED STATES DISTRICT JUDGE**

3:05cv229HTW-JCS

---

[1] 28 U.S.C. § 1915(g) states "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."